UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

AARON B. NORTHROP,
*Defendant*.

No. 3:92-cr-32 (JAM)

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Aaron Northrop is serving a federal sentence of 600 months of imprisonment following his conviction for multiple federal crimes. *See Northrop v. United States*, 1998 WL 27120, at *1 (D. Conn. 1998). He has now filed a motion pursuant to 18 U.S.C. § 3582(c) to reduce his sentence in light of a recent amendment to the Sentencing Guidelines.

Last year the United States Sentencing Commission issued Amendment 821 to alter the rules for calculating the points that count toward a defendant's criminal history category. Amendment 821 eliminates so-called "status" points for certain defendants who committed their offense while subject to a prior criminal justice sentence (such as being on probation or parole or supervised released). *See United States v. Major*, 2024 WL 1404577, at *4 (2d Cir. 2024); *United States v. Shields*, 2024 WL 1932704, at *1 (D. Conn. 2024). The Commission made this amendment retroactive for the potential benefit of defendants who have been previously sentenced. *Ibid.*

When the Sentencing Commission makes a retroactive amendment to the Sentencing Guidelines, federal law allows a court to reduce a defendant's sentence if the defendant is now subject to "a sentencing range that has subsequently been lowered by the Sentencing Commission" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As relevant here, the Sentencing

Commission has issued a policy statement that generally allows for a sentence reduction but only if an application of the amendment would have resulted in a *lower* Sentencing Guidelines range than the range that applied at the defendant's sentencing. *See* U.S.S.G. § 1B1.10(a)(1) & (b)(1); *see also United States v. Zapatero*, 961 F.3d 123, 127–28 (2d Cir. 2020) (explaining how a retroactive amendment to the Sentencing Guidelines may allow for a sentence reduction only if the application of the amendment results in a lower guideline range).

According to Northrop's sentencing transcript, Northrop was subject to a final offense level of 41 and a criminal history category of III.[1] This criminal history category was based on five criminal history points, two of which were "status" points based on Northrop's having committed his federal offense while on state probation.[2] If these two status points are disregarded as Amendment 821 now instructs, Northrop would have three criminal history points, resulting in a lower criminal history category of II rather than a criminal history category of III.

Still, however, the problem for Northrop is that this lower criminal history category does not mean he should have been subject to a lower sentencing guidelines range. Regardless whether a defendant has a criminal history category of II or III, the sentencing guidelines range for a final offense level of 41 remains the same: 360 months to life imprisonment. *See* U.S.S.G. § 5(A) (Sentencing Table).

---

[1] Doc. #253-1 at 132.
[2] PSR ¶ 210. The probation office and the government state that Judge Nevas did not ultimately apply these two status points at sentencing and that Judge Nevas determined Northrop to have a criminal history category of II. Doc. #246 at 2; Doc. #248 at 3–4. But the sentencing transcript reflects that Judge Nevas determined Northrop to have a criminal history category of III. Doc. #253-1 at 132. Similarly, the probation office and the government contend that Judge Nevas determined a final offense level of 42. Doc. #246 at 2; Doc. #248 at 4. By contrast, Northrop claims his final offense level was 40. Doc. #251 at 2. But the sentencing transcript reflects that Judge Nevas determined a final offense level of 41. Doc. #253-1 at 132.

Accordingly, because application of Amendment 821 would not have lowered Northrop's sentencing guideline range, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Therefore, the Court DENIES the motion for sentence reduction (Doc. #247). The Court DENIES as moot Northrop's motion for leave to proceed *in forma pauperis* (Doc. #250) in light of the Court's denial of his motion for sentence reduction.

It is so ordered.

Dated at New Haven this 24th day of June 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge